UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL COLLUM, | No. C-06-0662 SC |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANTS' MOTION TO STAY ACTION |
| ASTRAZENECA PHARMACEUTICALS, L.P. et al., | AND |
| Defendants. | GRANTING PLAINTIFF'S MOTION TO DISMISS ACTION WITHOUT PREJUDICE |

Plaintiff Wendell Collum moves the Court to dismiss his action without prejudice under Local Rule 7-11 and Federal Rule of Civil Procedure 41(a)(2). Defendants move the Court to stay the action pending transfer to multidistrict proceedings.

The Court GRANTS Plaintiff's motion to dismiss without prejudice and DENIES Defendants' motion to stay.

**I.   BACKGROUND**

On January 30, 2006, Plaintiff filed his Complaint against Defendants. See Complaint for Negligence, Fraud, Failure to Warn, Strict Product Liability and Breach of Warranty. On June 19, 2006, Defendants filed their Answer. See Answer and Affirmative and/or Separate Defenses of Astrazeneca Pharmaceuticals LP and

1 Astrazeneca L.P. To Plaintiff's Complaint.  Excluding the instant
2 motions before the Court and their associated responses, there
3 does not appear to have been any other significant activity by the
4 parties in the case.
5    On August 2, 2006, a conditional transfer order was filed
6 which listed the instant action.  <u>See</u> Conditional Transfer Order
7 (CTO-61, CTO-3), <u>MDL-1569 - In Re Zyprexa Products Liability</u>
8 <u>Litigation, MDL-1769 - In Re Seroquel Products Liability</u>, Docket
9 Nos. 1596 and 1769, Schedules CTO-61 and CTO-3 (Aug. 2, 2006)
10 ("Conditional Transfer Order").  The Conditional Transfer Order,
11 however, is just that, conditional, and thus this Court retains
12 jurisdiction over the instant action, including any related
13 pretrial motions, under Rule 1.5 of the Rules for Multidistrict
14 Litigation.  <u>See</u> 199 F.R.D. § 425 ("The pendency of a motion,
15 order to show cause, conditional transfer order or conditional
16 remand order before the Panel concerning transfer or remand of an
17 action pursuant to 28 U.S.C. § 1407 does not affect or suspend
18 orders and pretrial proceedings in the district court in which the
19 action is pending and does not in any way limit the pretrial
20 jurisdiction of that court.").[1]

21 **II. <u>PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE</u>**

22    When ruling on a motion for voluntary dismissal, the Court is

---

[1] For the sake of clarity, the Court notes the terms "motion" and "order to show cause" as used in Multidistrict Litigation Rule 1.5 refer to motions and orders to show cause which are before the Judicial Panel on Multidistrict Litigation.  They do not refer to motions or orders to show cause, such as the instant motion, which are before the district court in which a potentially transferred action was filed.

2

required to "consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982). However, as Hamilton makes clear, "[p]lain legal prejudice does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." Id. Rather, it is created when, for example, "extensive discovery" and "intensive preparation for trial" have already been conducted by the defendant, or when the claims to be dismissed are inextricably linked to those which would remain. Kern Oil Refining Co. v. Tenneco Oil Co., 792 F.2d 1380, 1390 (9th Cir. 1986). And even then, a significant showing of such factors must be made. Id.

Defendants' opposition to Plaintiff's motion for voluntary dismissal without prejudice makes no attempt at such a showing, but rather only describes the case's status before the MDL Panel. See Defendants Astrazeneca Pharmaceuticals LP and Astrazeneca LP's Opposition to Plaintiff's Motion for Administrative Relief. Plaintiff's motion for voluntary dismissal of his action without prejudice is, therefore, GRANTED.

### III. **DEFENDANTS' MOTION TO STAY**

In determining whether to grant a stay, the Court considers the following factors: "(1) potential prejudice to the non-moving party; (2) hardship or inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact

3

1  consolidated." Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360
2  (C.D. CA. 1997).

3  Defendants do not discuss the second element in terms of the
4  hardship or inequity which they would experience absent a stay,
5  but rather the "prejudice" they would suffer, "[i]f individual
6  district courts," including this Court, "allowed cases to
7  proceed." See Defs' Mot. at 4 (emphasis added). Setting aside
8  that prejudice is not what Defendants needed to show, see Rivers,
9  980 F. Supp. at 1360, this argument fails for the obvious reason
10 that the only thing that would be stayed if the Court granted
11 Defendants' motion would be the Plaintiff's motion which seeks to
12 stop the case from proceeding.

13 Defendants further claim that granting the stay would
14 "promote judicial economy." Id. at 3. The Court finds this
15 argument not only unavailing, but ironic, in light of the
16 duplicative nature of the instant motions before the Court when
17 viewed in relation to one another and in the context of this
18 Courts' past orders in related cases.

19 Finally, Plaintiff convincingly argues that he would be
20 prejudiced if he were forced into a court on the other side of the
21 country solely for the purpose of litigating his motion to dismiss
22 his action against Defendants. See Pl.'s Opp. at 2-3. The Court
23 has difficulty imagining a greater waste of not only judicial
24 resources, but also party resources and even natural resources
25 used to fly the parties, their representatives, and their
26 materials across the country for this purpose.

27 Defendants' motion for a stay is, therefore, DENIED.

4

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff's motion to dismiss without prejudice is GRANTED, and Defendants' motion for a stay is DENIED.  Accordingly, this action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: August 29, 2006

_____
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

5